**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

James Donald Mimms,
    Plaintiff,

v.

Lincoln Ware, et al.,
    Defendants

Case No.: 1:18cv00754
Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's November 6, 2018 Report and Recommendation ("R&R"). (Doc. 4).

Proper notice was given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Objections were due by November 20, 2018 and Plaintiff filed timely objections.[1] (Docs. 5, 6). The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

## STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED.

---

[1] On November 19, 2018, Plaintiff filed Objections. (Doc. 5). On February 28, 2019, he submitted a two-page document which was docketed as "Supplemental Memorandum Opposing" the R&R. (Doc. 6). Assuming he intends this filing to be supplemental objections to the R&R, he neither acknowledges the untimeliness of this submission nor request leave to file supplemental objections to the R&R. However, for purposes of this order, will liberally interpret this filing to be supplemental objections which include a motion for an extension of time to file those supplemental objections and grant an extension.

R. CIV. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## ANALYSIS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge performed a sua sponte review of Plaintiff's Complaint to determine if the Complaint, or any portion of it, should be dismissed for frivolousness, maliciousness, failure to state a claim upon which relief may be granted, or seeking monetary relief from a defendant who is immune from relief. After her review, the Magistrate Judge issued the pending R&R which recommends dismissal of matter, as it is not clear what relief Plaintiff seeks and the facts included in his Complaint fails to state a claim over which this Court has subject matter jurisdiction. (Doc. 4). In particular, she found that the Complaint does not establish diversity jurisdiction, as all parties are Ohio citizens and Plaintiff did not include the requisite amount in controversy, and he does not assert a claim under federal law. (*Id.*); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction), 1332 (diversity jurisdiction).

In his objections, Plaintiff reiterates his belief that Defendants, along with television and radio shows generally, prejudge his opinions, discriminate against him, and mischaracterize him as a liar despite the fact that they invite the public to participate in their daily radio show. (Docs. 5, 6). He also asserts that $500,000.00 to $2,500,000.00 and, later, $5,500,000.00 would suffice as his asserted amount in controversy. (Docs. 5, 6). However, even after a liberal review of Plaintiff's objections, the Court finds them to be general disagreements with the R&R which are insufficient to

direct the Court's attention to a specific issue with the recommended dismissal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that the objections of a petitioner appearing pro se will be construed liberally); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object."). Plaintiff does not explain how the facts and arguments presented in his Complaint grant this Court subject matter jurisdiction either through diversity jurisdiction or federal question jurisdiction, and his inclusion of a possible amount in controversy does not cure the Magistrate Judge's finding that complete diversity of citizenship is lacking, as all parties live in Ohio. Finally, although the Court appreciates and commends Plaintiff's service in the Republic of Vietnam, to the extent that he believes such service confers this Court with jurisdiction in over any claims found in his Complaint, he is misunderstood. *See* (Doc. 6).

In sum, and after a de novo review of the filings in this matter, the Court agrees with the Magistrate Judge's recommendation that this matter should be dismissed, as Plaintiff fails to establish a claim with a basis in law over which the Court has subject matter jurisdiction.

**CONCLUSION**

Based on the foregoing, the Court hereby **OVERRULES** Plaintiff's objections (Docs. 5, 6) and **ADOPTS in full** the Magistrate Judge's November 6, 2018 R&R (Doc. 4). Accordingly, this case is **DISMISSED with prejudice** and the matter shall be **CLOSED and TERMINATED** from the Court's docket.

  **IT IS SO ORDERED.**

              _____*/s/ Michael R. Barrett*_____
              Hon. Michael R. Barrett
              United States District Judge